**FILED**
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia
By Carrie Ramirez at 3:41 pm, Dec 22, 2008

# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Statesboro Division

| | | |
|---|---|---|
| In the matter of: | ) | |
| | ) | Adversary Proceeding |
| BARBARA D. CORBIN | ) | |
| (Chapter 13 Case Number <u>07-60008</u>) | ) | Number <u>07-6002</u> |
| | ) | |
| *Debtor* | ) | |
| | ) | |
| | ) | |
| | ) | |
| BARBARA D. CORBIN | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARTIN REED, Individually and | ) | |
| as COLLECTION CONCEPTS, INC. | ) | |
| | ) | |
| *Defendant* | ) | |

## MEMORANDUM AND ORDER TO MOTION TO COMPEL ANSWERS TO POST-JUDGMENT INTERROGATORIES

Debtor filed for Chapter 13 on January 8, 2007. On March 8, 2007, Debtor filed an Adversary Proceeding against the Defendant seeking damages for Defendant's willful violation of the automatic stay. This Court ruled in favor of Debtor and awarded her the following damages: $50.00 for lost wages, $9,980.00 for attorney's fees and expenses, $2,500.00 for emotional distress, and $5,000.00 in punitive damages. On September 29, 2008, Debtor filed this Motion to Compel Defendant to provide answers to post-judgment

interrogatories.  After a hearing on the merits, I now enter the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

Debtor, by and through her attorney, filed post-judgment interrogatories on each Defendant on April 25, 2008, and served said post-judgment interrogatories on Defendant's attorney of record, electronically and via the United States Mail.  *See* Interrogatories, Dckt. Nos. 44 & 45.  Both Defendants failed to file any answer or response to the post-judgment interrogatories.

The Clerk's Office of the United States Bankruptcy Court for the Southern District of Georgia administratively closed the Adversary Proceeding on May 21, 2008. Debtor's attorney filed a Motion to Reopen on August 11, 2008.  Motion, Dckt. No. 52.  An Order reopening said case was filed on August 22, 2008.  Order, Dckt. No. 53.  Debtor then contacted Defendants' attorney of record, and he stated he no longer represented either Defendant. Debtor then contacted Defendants by letter on September 8, 2008, in a good faith attempt to obtain the discovery without court action.  Letter, Dckt. No. 55 (Sept. 9, 2008).

Defendant, Martin Reed, and Collection Concepts, Inc., contacted Debtor's attorney by telephone and promised to answer the post-judgment interrogatories and requested an extension of twenty (20) days.  Debtor's attorney agreed to extend that time to September 29, 2008, and to file answers on or before September 29, 2008.

AO 72A
(Rev. 8/82)

2

No answers or responses were served upon Debtor's attorney on or before September 29, 2008, and Debtor's attorney filed Motions to Compel Answers on September 28, 2008. Motions, Dckt. Nos. 57 & 58. On September 30, 2008, Debtor's attorney received a letter from Defendants and a copy of Debtor's post-judgment interrogatories that were addressed to Defendant, Collection Concepts, Inc., wherein Defendant Reed had scribbled various responses. Discovery, Dckt. No. 59 (Oct. 20, 2008). All responses were unsigned.

This Court finds that Debtor's attorney has incurred substantial expenses in attempting to obtain answers to the post-judgment interrogatories including 16.5 hours at $200.00 per hour, mileage expense based on the rate of .45 cents per mile for a total of $54.74, certified United States Mail with return receipt to Defendant Reed and Collection Concepts, Inc., in the amount of $6.41 for a total in necessary expenses in the amount of $3,361.15.

## CONCLUSIONS OF LAW

Federal Rule of Bankruptcy Procedure 7012 sets out that answers and objections must be filed within thirty (30) days of the issuance of the summons. Rule 7033 incorporates Federal Rule of Civil Procedure 33 which sets out that each interrogatory must be answered separately and fully in writing under oath, that the grounds for objection to an interrogatory must be stated with specificity, and that the person who makes the answers must sign them.

This Court's examination of Debtor's Exhibit 4 and questioning of Defendant Reed reveals that Defendant Reed's response to the interrogatories does not constitute a proper answer or response to Plaintiff's post-judgment interrogatories, especially after Defendant was served with the interrogatories approximately seven (7) months prior to the response. After examining Defendant's proposed responses to Plaintiff's post-judgment interrogatories and giving Defendant Reed the opportunity for a fair hearing, this Court finds that the proposed responses were untimely and do not meet the requirements as set out in Rule 7033 and Rule 7037 of the Federal Rules of Bankruptcy Procedure and, in fact, do not constitute an answer to any of the interrogatories.

This Court further funds that both Defendants' failure and refusal to fully answer the post-judgment interrogatories propounded to both Defendants were not justified.

## O R D E R

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that Defendants, Martin Reed and Collection Concepts, Inc., shall answer each post-judgment interrogatory propounded. Said post-judgment interrogatory to each Defendant shall be answered separately and fully in writing and under oath on or before December 30, 2008.

Additionally, this Court directs Defendant, Collection Concepts, Inc., to answer post-judgment interrogatory number 24 by listing each client by name, stating the

total amount that said Defendant is attempting to collect on behalf of that client, and the fee that the Defendant is entitled to charge on any amount collected.

IT IS FURTHER ORDERED that said post-judgment interrogatories are to be served upon Plaintiff's Attorney at 17 Carter Center, 106 Queen Street, Vidalia, Georgia, no later than the close of business on December 30, 2008.

The issue of payment of expenses, including attorney's fees to Debtor for both Defendant's failure to answer as required, shall be dealt with by further Order of this Court.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This _19th_ day of December, 2008.